Nov. Term,<br>1845.<br><br>Abbott<br>v.<br>Warriner.

---

Abbott v. Warriner.

The defendant in foreign attachment may plead in abatement without filing special bail.

ERROR to the *Decatur* Circuit Court.

BLACKFORD, J.—A writ of foreign attachment was issued in *October*, 1841, in favour of *Warriner* against the lands, &c., of *Abbott*. Publication was duly made and proved, and the cause continued until the fall term of the Court in *November*, 1842. The defendant, at said term in 1842, without giving special bail, moved the Court for leave to file a plea in abatement. The substance of the plea was, that at and before the filing of the affidavit, and the issuing of the attachment, and ever since, the defendant was a resident of the state of *Indiana*. The plea was sworn to. The motion for leave to file this plea was refused. Special bail was then put

Thursday,<br>December 11.

Nov. Term, 1845.

in by the defendant.  There were pleas in bar filed on which issues were joined.  The cause was tried, and judgment rendered for the plaintiff.

We think the Court erred in refusing the defendant leave to file the plea in abatement.  It was necessary for the defendant to put in special bail, in order to have his property released pending the suit, or to enable him to plead in bar. R. S. 1838, p. 80.  But there can be no reason why a motion to quash the writ should not be made, or a plea in abatement filed, without the giving of special bail; and the statute does not require it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*I. H. Kiersted*, for the plaintiff.